## In re: LTL SHIPPING SERVICES ANTITRUST LITIGATION.

### MDL No. 1895.

United States Judicial Panel on Multidistrict Litigation.

Dec. 20, 2007.

Before JOHN G. HEYBURN II, Chairman, D. LOWELL JENSEN, J. FREDERICK MOTZ, ROBERT L. MILLER, JR., KATHRYN H. VRATIL, DAVID R. HANSEN, ANTHONY J. SCIRICA *, Judges of the Panel.

### TRANSFER ORDER

JOHN G. HEYBURN II, Chairman.

**Before the entire Panel \*:** Plaintiffs in five actions pending in the District of Maine (two actions), the Southern District of California, the District of District of Columbia, and the District of South Carolina, respectively, have submitted four motions,[1] pursuant to 28 U.S.C. § 1407, to centralize thirteen actions in the Southern District of California or, alternatively, the District of District of Columbia.[2] This litigation currently consists of those five actions and eight other actions pending in the Southern District of California (four actions), the District of Connecticut, the Middle District of Florida, the District of New Jersey, and the Northern District of Ohio.[3] All responding defendants[4] support

---

\* Judge Scirica took no part in the disposition of this matter.

1. Although additional submissions styled as "motions" were submitted to the Panel, they were docketed as responses in accordance with Panel Rule 7.2(h). *See* Rule 7.2(h), R.P.J.P.M.L., 199 F.R.D. 425, 434 (2001).

2. In their briefs, various plaintiffs initially advocated one of ten different districts; however, all plaintiffs who appeared at oral argument coalesced in support of the selection of either the Southern District of California or the District of District of Columbia.

3. The Panel has been notified of 32 additional related actions, pending in the Northern District of Alabama, the Central District of California (two actions), the Northern District of California (two actions), the Southern District of California (seven actions), the District of District of Columbia (nine actions), the Northern District of Georgia, the Northern District of Indiana, the District of Maine (three actions), the Eastern District of Michigan, the District of New Jersey (three actions), the Eastern District of Pennsylvania, and the Middle District of Tennessee, respectively. These actions and any other related actions will be treated as potential tag-along actions. *See*

centralization, but favor selection of the Northern District of Georgia as transferee district.

■ After considering the argument of counsel, we find that these thirteen actions involve common questions of fact, and that centralization under Section 1407 in the Northern District of Georgia will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. All of these actions arise from allegations that defendants conspired to fix fuel surcharges on "less than truck-load" freight shipments at supra competitive levels. Centralization under Section 1407 will eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary.

■ We are persuaded that the Northern District of Georgia is an appropriate transferee district for pretrial proceedings in this litigation. Because several of the defendants have their headquarters in or near that district, relevant documents and witnesses are likely located in that area. In addition, a potential tag-along action is pending in the district.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A are transferred to the Northern District of Georgia and, with the consent of that court, assigned to the Honorable William S. Duffey, Jr., for coordinated or consolidated pretrial proceedings.

Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435–36 (2001).

4. AAA Cooper Transportation; ABF Freight System, Inc.; Arkansas Best Corp.; Averitt Express, Inc.; Con-way, Inc.; Con-way Freight, Inc.; Estes Express Lines, Inc.; FedEx Corp.; FedEx Freight Corp.; FedEx National LTL, Inc.; Jevic Transportation, Inc.; New England Motor Freight, Inc.; Old Do-

## SCHEDULE A

MDL No. 1895—*In re: LTL Shipping Services Antitrust Litigation*

*Southern District of California*

*Farm Water Technological Services, Inc., et al. v. Arkansas Best Corp., et al.,* C.A. No. 3:07–1389

*Niagara Frontier Distribution, Inc. v. Arkansas Best Corp., et al.,* C.A. No. 3:07–1728

*C & L Trading of Miami, Inc. v. Arkansas Best Corp., et al.,* C.A. No. 3:07–1764

*Dad's Products Co., Inc. v. Arkansas Best Corp., et al.,* C.A. No. 3:07–1765

*Rocket Motorcycles, Inc. v. Arkansas Best Corp., et al.,* C.A. No. 3:07–1780

*District of Connecticut*

*Global Wire, Inc., et al. v. Arkansas Best Corp., et al.,* C.A. No. 3:07–1192

*District of District of Columbia*

*Isaac Industries, Inc. v. AAA Cooper Transportation, Inc., et al.,* C.A. No. 1:07–1638

*Middle District of Florida*

*Inkjetsinc.com of Florida, Inc. v. Arkansas Best Corp., et al.,* C.A. No. 2:07–518

minion Freight Line, Inc.; R+L Carriers, Inc.; Roadway Express, Inc.; SAIA, Inc.; SAIA Motor Freight Line LLC; Southeastern Freight Lines, Inc.; Southern Motor Carriers Rate Conference, Inc.; Sun Capital Partners IV, LLC; United Parcel Service, Inc.; UPS Freight; USF Reddaway, Inc.; Watkins Motor Lines; Yellow Transportation, Inc.; YRC Regional Transportation, Inc.; and YRC Worldwide Inc.

*District of Maine*

> *Tex–Tech Industries, Inc. v. Arkansas Best Corp., et al.,* C.A. No. 2:07–157

> *Barjan, LLC v. Arkansas Best Corp., et al.,* C.A. No. 2:07–163

*District of New Jersey*

> *Lawrence F. Thompson, etc. v. Arkansas Best Corp., et al.,* C.A. No. 1:07–4271

*Northern District of Ohio*

> *Computer Management International v. Arkansas Best Corp., et al.,* C.A. No. 1:07–2640

*District of South Carolina*

> *Berle Manufacturing Co., et al. v. Southern Motor Carriers Rate Conference, Inc., et al.,* C.A. No. 2:07–2923